## UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY _____ DIVISION

### AMENDED
### CIVIL RIGHTS COMPLAINT FORM $(A.D.A)$
### TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C. § 1983
AMERICANS WITH DISABILTIES ACT 42 U.S.C. §12101-12213


VERNON FLANNING, SR .

Inmate # 255925 .
(Enter full name of Plaintiff)

PROVIDED TO
SUWANNEE C.I. ON

MAY 1 5 2014

FOR MAILING

vs.

CASE NO: **5:12cv337/MW/CJK**
(To be assigned by Clerk)

STATE OF FLORIDA ,

DEPARTMENT OF ,

CORRECTIONS, et al ,

N/A ,

N/A .

(Enter name and title of each Defendant.

If additional space is required, use the

blank area below and directly to the right.)


### ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:

## I. PLAINTIFF:

State your full name, inmate number (if applicable), and full mailing address in the lines below.

Name of Plaintiff: *VERNON FLAMMING, Jr*
Inmate Number: *255925*
Prison or Jail: *SUWANNEE CORRECTIONAL*
Mailing address: *INSTITUTE ANNEX*
*5964 - U.S. Hwy #90*
*LIVE OAKS, Fla 32060*

## II. DEFENDANT(S):

State the name of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address. Do the same for **every** Defendant:

(1) Defendant's name: *SERGEANT H. BAKER*
Official position: *SERGEANT*
Employed at: *APALACHEE CORRECTIONAL INSTITUTION EAST UNIT*
Mailing address: *35 APALACHEE DRIVE*
*SNEADS, FlORIDA 32460*

(2) Defendant's name: *OFFICER PERISH C O. I*
Official position: *OFFICER C O, I*
Employed at: *APALACHEE CORRECTIONAL INSTITVTIONAL EAST UNIT*
Mailing address: *35 APALACHEE DRIVE*
*SNEADS, FlORIDA 32460*

(3) Defendant's name: *O.I.C. BROCK*
Official position: *O, I.C.*
Employed at: *APALACHEE CORRECTIONAL INSTITUTIONAL EAST UNIT*
Mailing address: *35 APALACHEE DRIVE*
*SNEADS, FLORIDA 32460*

## ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS

## III.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

**Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.**

## IV.   PREVIOUS LAWSUITS

NOTE: FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

A.   Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?
Yes( ✔ )                    No(  )

1.   Parties to previous action:
    (a)   Plaintiff(s): *VERNON FLANNING SR.*
    (b)   Defendant(s): *SHERIFF JIM COATS et AL,*
2.   Name of judge: *SAM, M. GIBBONS*     Case #: *8:12-CV-02654-MSS-TGW*
3.   County and judicial circuit: *PINELLAS COUNTY - SIXTH JUDICIAL CIRCUIT*
4.   Approximate filing date: *APRIL 25, 2008*
5.   If not still pending, date of dismissal: *N/A*
6.   Reason for dismissal: *N/A*
7.   Facts and claims of case: *OFFICERS ASSAULTED PLAINTIFF VIOLATIONS OF AMENDMENT(S)*

**(Attach additional pages as necessary to list state court cases.)**

B.   Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?

Yes( ✔ )                    No(  )

1.   Parties to previous action:
    a.   Plaintiff(s): *VERNON FLANNING SR.*
    b.   Defendant(s): *JIM COATS et AL,*     *MIDDLE DIST.*
2.   District and judicial division: *UNITED STATES COURT OF APPEALS - ELEVENTH CIR.*
3.   Name of judge: *TJOFLAT, MARCUS, JORDON* Case #: *13-14877*
4.   Approximate filing date: *JANUARY 13, 2014*
5.   If not still pending, date of dismissal: *N/A*
6.   Reason for dismissal: *N/A*

3

7.    Facts and claims of case: _EXCESSIVE FORCE, ASSAULT, AND VIOLATIONS OF AMENDMENTS_

**(Attach additional pages as necessary to list other federal court cases.)**

C.    Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes(✓)                    No(  )

If YES, describe each action in the space provided below.  If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

1.    Parties to previous action:
      a.    Plaintiff(s): _VERNON FLANNING SR._
      b.    Defendant(s): _STATE OF FLORIDA_

2.    District and judicial division: _SECOND DISTRICT - DISTRICT COURT OF APPEAL_

3.    Name of judge: _____    Case #: _2 D12-1770_

4.    Approximate filing date: _APRIL 19, 2012_

5.    If not still pending, date of dismissal: _2012_

6.    Reason for dismissal: _DISMISSAL FOR MOOT_

7.    Facts and claims of case: _AMENDED HABEAS CORPUS_

_____

**(Attach additional pages as necessary to list cases.)**

D.    Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service?  If so, identify each and every case so dismissed:

Yes(  )                    No(✓)

1.    Parties to previous action:
      a.    Plaintiff(s): _N/A_
      b.    Defendant(s): _N/A_

2.    District and judicial division: _N/A_

3.    Name of judge: _N/A_    Case Docket # _N/A_

4.    Approximate filing date: _N/A_    Dismissal date: _N/A_

5.    Reason for dismissal: _N/A_

6.    Facts and claims of case: _N/A_____

_____

**(Attach additional pages as necessary to list cases.)**

## V.    STATEMENT OF FACTS:

State briefly the FACTS of this case.  Describe how each Defendant was involved and what each person did or did not do which gives rise to your claim.  In describing what happened, state the names of persons involved, dates, and places.  Do not make any legal arguments or cite to any cases or statutes.  You must set forth separate factual allegations in separately numbered paragraphs.  You may make copies of this page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. **(If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)**

_PANAMA DIVISION_
_V. STATMENT OF FACTS : PG. 1 OF 5_
_~~FACT: ANSWER~~_
_~~ANSWER~~ ''_

5

**VI.    STATEMENT OF CLAIMS:**

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific. Number each separate claim and relate it to the facts alleged in Section V. **If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.**

" ENCLOSED IN ENVELOPE "

**VII.    RELIEF REQUESTED:**

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes.

WILL BE DISCUSSED BY COURT APPOINTED COUNSEL, AT PROPER TIME OF COMPLAINT, AND DAMAGES BY D.O.C.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**

5-15-14
(Date)

(Signature of Plaintiff)

**IF MAILED BY PRISONER:**

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one): ☑ delivered to prison officials for mailing or ☐ deposited in the prison's internal mail system on: the _15_ day of _MAY_____, 20_14_.

(Signature of Plaintiff)

Revised 03/07

7

PANAMA DIVISION

CASE NO#
5:12 CV 337/RS/CJK

V. STATEMENT OF FACT(S): PG, (1) OF (5)

ON FRIDAY 27TH, 2012  7:00 PM ~ 1:00 AM.
SATURDAY 28TH, 2012 AT APALACHEE CORR.
INSTITUTION EAST UNIT (Q-1 DORMITORY
CELL Q1-104)...
D.O.C.
SERGEANT H. BAKER
SERGEANT PADGETT
SERGEANT FROSTER
SERGEANT JACKSON
OFFICER PERISH
OFFICER HOLLAND

INMATE VERNON FLANNING #B-255925
WAS IN Q1-104 CELL. FLANNING ASKED
SERGEANT H. BAKER, TO BE MOVED FROM Q1-104
CELL. SERGEANT H. BAKER WANTED TO KNOW, WHY
AND WHAT'S THE PROBLEM? FLANNING SAID,
IT'S GONNA BE PROBLEMS BETWEEN US ROOM-
MATES. SERGEANT SAID, WELL I DON'T SEE NO
PROBLEMS. FLANNING SAID, I'M TRYING TO
AVOID ANY PROBLEMS. SERGEANT H. BAKER
STATED: NO BODIES HURT, I CAN'T JUST MOVE
YOU. THE QUAD WERE SHOWERING Q1 DORM, ON
2-27-12. FLANNING WENT TO THE FIRST
SHOWER, EXSCORTING BY OFFICER ROBERTS.

~ 1 ~

V   STATEMENT OF FACT(S): PG (2) OF (5)

ONCE, SHOWER TIME WAS OVER (2:00 MIN),
OFFICER LESTER CAME TO EXISCORT FLANNING
BACK TO CELL Q1-104. FLANNING REQUESTED
FOR PROTECTIVE MANAGEMENT. OFFICER LESTER
CALLED, SERGEANT H. BAKER. FLANNING WANTS
PROTECTIVE MANAGEMENT OFFICER LESTER
STATED, SERGEANT H. BAKER STATED: CUFF FLANNING,
AND TAKE HIM TO HOLD CELL FOR THE CAPTAIN,
FLANNING CUFFED UP, OFFICER LESTER EXSCORTED
FLANNING TOWARD Q1-EXIT, SERGEANT H. BAKER
CALLED OFFICER LESTER: BRING FLANNING
"ASS" HERE! OFFICER LESTER STATED; FLANNING
NOT GOING TO THE HOLDING CELL? SERGEANT H.-
BAKER SAID; BRING FLANNING "ASS" HERE!
FLANNING DID NOT RESIST, AT ANY TIME.
SERGEANT H. BAKER PUT FLANNING BACK IN
Q1-104 WITH YOUTHFUL OFFENDANT. FLANNING
REQUESTED TO SEE THE CAPTAIN, OF BEING
P.M. STATUS? SERGEANT H. BAKER REFUSED
P.M. STATUS, AND LEFT THE CELL DOOR WINDOW.
FLANNING ASKED OFFICER ROBERTS, AND
OFFICER LESTER ON THEIR SECURITY CHECKS:
IS SERGEANT H. BAKER GONNA MOVE ME? BOTH
OFFICERS SAID, YES. BUT, IT UP TO SERGEANT-
H. BAKER. THE FIGHT BEGAN, BETWEEN THE
INMATES. THEN, THE FIGHT STOPPED! FLANNING
WAS INJURYED TO THE HEAD AREA, BY RIGHT EYE

-2-

## I. STATEMENT OF FACT(S): PG.(3) OF (5)

A (CONCUSSION). SERGE CAME TO Q1-104 CELL WINDOW, AND JUST WATCHED US FIGHT! FLANNING SAID, MOVE ME WHILE TRYING TO DEFEND HIMSELF, SERGE WATCHED LIKE WE WERE DOGS, OR PROFESSIONAL BOXER'S. SOMETHING LOCKED IN CAGES GOING THRU ~~INHUMAN~~ INHUMANE PHASES. THEN, NURSE SMITH VOICE WAS HEARD BY FLANNING. FLANNING CALLED, A ~~CURIO~~ CURIOUSITY TRUTH. THE FIGHT PAUSED. FLANNING LOOKED OUT THE WINDOW, AND SEEN NURSE SMITH. FLANNING'S INJURIES TO HEAD AREA HAD TO NOTICEABLE. AS, NURSE SMITH LOOKED AT FLANNING CELL WINDOW. NURSE SMITH WAS ONLY (6) FEET AWAY, FROM Q1-104 CELL. THEN, SERGE AND NURSE SMITH WALKED OUT OF Q1-DORMITORY. FIGHTING STARTED BACK, BUT, OFFICERS ROBERTS AND LESTER DID SECURITY CHECKS. FLANNING CALLED FOR ANOTHER, CURIOUSITY STOP, THEN, SERGEANT H.- BAKER CAME TO THE CELL WINDOW, FLANNING ASKED TO BE MOVED AGAIN. SERGEANT H. BAKER SAID, YALL NOT FIGHTING. FLANNING SHOWED SERGEANT H. BAKER THE BRUISES, SERGEANT H. BAKER REFUSED TO MOVE FLANNING AGAIN. THEN, WALKED OFF. FLANNING JUST REMEMBER, BEING SPRAYED IN THE EYES. THEN, A CAMERA WAS PLACED ON FLANNING. AND, EXSCORTED TO THE COLD SHOWER WATER CELL.

NOW, AFTER THE SHOWER IN COLD WATER.

-3-

Ⅴ STATEMENT OF FACT(S): PG. (4) OF (5)

FLANNING WAS HOUSED IN Q3 QUAD,
THEN, EXSCORTED TO MEDICAL CONFINEMENT
AREA, FOR EYE DELUTION. THEN, EXSCORTED
TO Y-DORM AND PUT IN SPRAY CELL BEHIND A
METAL DOOR. OFFICER PERISH STOOD WATCH
BECAUSE, FLANNING HAVE TO HAVE MEDICAL
WHEN BEING SPRAYED. FLANNING HAVE SEIZURES,
AND HIGH TEMPERATURE READING BLOOD PRESSURE
IN THE DANGER STROKE RISK ZONES. FLANNING
REQUEST P.M. STATUS TO OFFICER PERISH, AND
FLANNING WAS DENIED P.M.

OFFICER HOLLAND INTERVIEWED FLANNING, FOR
D.R. INVESTIGATION HEARING, TOLD FLANNING,
THEIR AREN'T ANY CAMERAS IN QUAD #1. -
OFFICER HOLLAND DID NOT LET ME PUT MY
WITNESS, ON INVESTIGATION DISCIPLINARY
REPORT. OFFICER HOLLAND MISLEAD FLANNING'S
DECISIONS, OF WRITING DOWN WITNESSES
NAMES NURSE SMITH AND Q1-CAMERA
VIDEO. RUSH ME TO SIGN DISCIPLINARY REPORT
INVESTIGATION HEARING PAPERS. THREATENING FLANNING TO
SIGN THE INVESTIGATION HEARING REPORTS, OR SHE WILL JUST
SIGN ME AS REFUSED TO SIGN.

SERGEANT PADGETT GAVE ME THREATENING

-4-

## II. STATEMENT OF FACT(S): PG (5) OF (5)

STATEMENTS TOWARDS MY SAFTY CARE, CUSTODY, AND CONTROL, TELLING FLANNING'S DORMITORY INMATES (FELLOW INMATES): IT'S FLANNING'S FAULT. THAT'S WHY I'M MAKING Y'ALL EAT LAST EVERY DAY. IF, SOMETHING HAPPENS TO YOU (FLANNING) IN THE DORM, I WOULDN'T GIVE A FLYING "Fuck".

SERGEANT FOSTER WANTED ME TO CLEAN N-2 DORM WINDOWS AT 10:45 AT NIGHT, WHILE GANG RELATED INMATES WERE SLEEP. AFTER BEING RELAXED AT 10:15 P.M. FLANNING REQUESTED SEVERAL TIMES, FOR SERGEANT FOSTER TO TELL THE INMATES, THAT, I'M GOING TO CLEAN OVER THEIR HEADS, INFACT, SERGEANT FOSTER REFUSED FLANNING'S REQUEST. AND, THREATENED TO LOCK FLANNING UP. FLANNING IS NOT GANG RELATED, AT A KNOWN GANG RELATED INSTITUTION APALACHEE C.I. EAST UNIT. UPON BEING LOCKED UP SERGEANT FOSTER MADE THREATENING STATEMENTS; THAT FLANNING WAS GOING TO BE SPRAYED! FLANNING ASKED, WHY AM I BEING SPRAYED?

SERGEANT JACKSON THROWED FLANNING'S BREAKFAST THRU THE MED METAL DOOR, ON THE FLOOR, THREATENED FLANNING, THAT "THEY" GOING TO SPRAY HIM. THEN, MADE FLANNING CLEAN UP THE FOOD, OFF OF THE FLOOR, WITH MY BARE HANDS, AND, CONTINOUS THREATENING STATEMENTS UPON FLANNING....

-5-

CIVIL RIGHT COMPLAINT FORM #42 U.S.C. 1983

VI. STATEMENT OF CLAIMS: pg.(1) of (4)

THE #(14TH) AMENDMENT IS VIOLATED, BY THE
WILLFUL NEGLECT OR VIOLATION OF FLORIDA MODEL
JAIL STANDARDS CHAPTER 3(3.03) USE OF FORCE
STATUE, AND, THAT THE FORCE WAS APPROVED BY THE
OFFICERS IN CHARGE, AND, THAT SUCH ACT WAS
COMMITTED UNDER THE COLOR OF LAW.

THE (8TH) AMENDMENT IS VIOLATED BY THE
DEPUTY'S STANDARD, OF RECEIVING PLAINTIFF
INTO SOLITARY CONFINEMENT, IN WHICH, INFLICTION
PROHIBIT'S UNNECESSARY AND WANTON INFLICTION
OF PAIN; AS WELL AS GROSS DISPROPORTION
BETWEEN PUNISHMENT AND CRIME.

ALL REQUEST GRIEVANCE(S) THROUGH FORMAL
CHANNELS DEPUTY'S DENIED, THE DUE PROCESS OF
LAW.

THE (4) AMENDMENT IS VIOLATED BY ACTION
AGAINST COUNTY, CITY, AND COUNTY AND CITY OFFICIALS
ARISING OUT OF COUNTY SHERIFF'S DEPUTIES SERVED
AS THIRD PARTIES, THE COURT OF APPEALS FOR THE SIXTH
CIRCUIT, NATHANIEL R. JONES, CIRCUIT JUDGED > 746 -
F.2d 337 REMANDED IN PART, CERTIORARI WAS
GRANTED, THE SUPREME COURT, JUSTICE BRENNAN,
HELD THAT COUNTY COULD BE HELD LIABLE UNDER
§ 1983.

- 1 -

CIVIL RIGHT COMPLAINT FORM #42 U.S.C 1983

VI.   STATEMENTS OF CLAIMS: CON'T PG(2) of (4)

THE UNITED STATES V. CLASSIC, 313 U.S. 299,
326, 85 L.Ed 1368, 61 S.CT 1031, THIS COURT
HELD THAT A PERSON ACTS UNDER COLOR OF STATE
LAW ONLY WHEN EXERCISING POWER "POSSESSED"
BY VIRTUE OF STATE LAW. AND, MADE POSSIBLE
ONLY BECAUSE THE WRONGDOER IS CLOTHED
WITH THE AUTHORITY OF STATE LAW.

COLOR OF LAW - THE APPERANCE ON SEMI BALANCE
WITHOUT THE SUBSTANCE, OF A LEGAL, THE TERM USU
IMPLIES A MISUSE OF POWER MADE POSSIBLE.
BECAUSE THE WRONGDOER IS CLOTHED WITH THE
AUTHORITY OF THE STATE. STATE ACTION IS
SYMONYMOUS WITH COLOR OF LAW IN THE
CONTEXT OF FEDERAL CIVIL RIGHTS STATUES
OR CRIMINAL LAW.

THE (8 TH) AMENDMENT - CHECK OUT THE POINTS -
OF CRUEL EXCESSIVE FORCE . ....
THE (14 TH) AMENDMENT IS USED AS THE COLOR -
OF LAW, DUE PROCESS OF LAW, AND GRIEVANCES -
PROCEDURES U.S. CT 172, 149, 59 F 2d ....

THE (4) (8) (14) TEENTH AMENDMENTS - COUNTY
SHERIFF'S AND DEPUTIES VIOLATIONS OF AUTHORITY.
COUNTY SHERIFF'S UPHOLDS COUNTY'S JAIL BRASS,
UNDER AN OATH OF THE STATE OF FLORIDA, IT IS
EMPLOYMENT OF JIM COATS COUNTY SHERIFF
DUTY, TO PROTECT CARE, CUSTODY, OF INMATES,

-2-

CIVIL RIGHT COMPLAINT FORM #42 U.S.C. 1983

VI. STATEMENTS OF CLAIMS: CON'T (3) OF (4)

THE (4) (8) (14) TEENTH AMENDMENTS IS
IN ACCORDANCE WITH OUR CONSTITUTIONAL LAWS.
IF, WE AS CITIZENS OF OUR SOCIETY WHO ARE IN
OBLIGATIONS TO UPHOLD THESE GOVERNMENTED
EMPLOYMENTS. THEIR IS AN OATH OF DOCUMENTATION,
OF UNITED STATES OF AMERICA'S SWORN DOCTRINES.
THAT OUR SOCIETY'S GOVERNED OFFICIALS STAND OUT
HONOR, BY OUR COUNTIES, CITIES, RESTURANTS, SCHOOLS,
HOSPITALS, AND DON'T FORGET OUR CHURCHES. WE AS
CITIZENS LOOK TO OUR HONOR OFFICIALS EMPLOYED
TO PROTECT OUR WELFARES." WHEN, UNDER THOSE
CONSTITUTIONAL LAWS GETS VIOLATED BY OUR VERY
OWN GOVERNED OFFICIALS". WHO CAN WE AS CONVICTED
CRIMINALS LOOK TO FOR CARE, CUSTODY, AND CONTROL
BY THE FLORIDA ADMINISTRATIVE CODE 33-103 AND
33-601, IF, WE AS INMATES CONVICTED CRIMINALS
FOR OUR CONVICTIONS, STILL ARE PROTECTED, UNDER
THOSE SAME CONSTITUTIONAL LAWS, THAT "OUR",
IN ENTIRETY ALL CITIZENS, CONGRESS, SENATORS,
DEMOCRATS: "CONSTANTLY ARE MAKING LAWS TO
PROTECT OUR COUNTRIES HUMANITY". THE
CONSTITUTIONAL LAWS ARE TO BE FOLLOWED, BY GOVERNED
DELEGATED AUTHORITY FIGURES, FOR LIBERTY!
JUSTICE! AND PEACE FOR ALL!!!! U.S. F 2d 694-695

<u>CIVIL RIGHT COMPLAINT FORM #42 U,S,C, 1983.</u>

VI , STATEMENT OF CLAIMS' A(4) OF (4) CON'T

<u>CASE LAWS:</u>

U,S, PG 694-695 ,,,,
784,046 INJUNCTION ,,,,
784,047 PENALTIES FOR VIOLATIONS OF
INJUNCTION AGAINST VIOLATORS MISDEMENUER
OF THE FIRST DEGREE ,,,,

\* FULLMAN V, GRADDICK 739 F,2d 553,556-557,,,,
\* POLK COUNTY V, DODSON 454 U,S, 312, 325,,,,
\* HARVEY V, HARVEY 949 F2d 1127, 1129,,,,
\* MONELL V, DEPARTMENT OF SOCIAL SERVICES 436 U,S, 658,,,,
\* GREASON V, KEMP 891 F2d 829, 836,,,,
\* COLLINS V, CITY OF HARKER HEIGHTS 503 U,S, 115,112-
   S, CT 106),,,,
\* PACIFIC MUTUAL LIFE INSURANCE COMPANY V, -
   HASLIP 499 U,S, 1, 111 S,CT 1032 (1991),,,,
\* PEMBAUR V, CITY OF CINCINNATI 475 U,S, 469-
   89 E,F,2d 452 ,,,,
\*

- 4 -

con't : Case Laws

IV | Statement of claim(s) : P (8) of (11)

"IX" | 104. Do Williams v. Billy Brown 347 Fed Appx 429 No. 0816239
(B) | No. CV-607-045, 2007 WL 3143714 (S.D. Ga)
| 105. Williams v. Wetherington CA 1:02-CV-0126 WLS (M.D. Ga)
| 106 Williams v. Upton CA 1:202-CV-00177 (S.D. Ga)
| 107. Williams v. Baffle CA 5:04-CV-00194 (M.D. Ga)
| 108 Williams v. Chatman CA 5:01-CV-00292-HL (M.D. Ga)
| 109. Attwood v. Singletary 105 7.3d 610, 612 (11th Cir 1997)
| 110. Camp v. Oliver 798 7.2d 434, 438 (11th Cir 1988)
| 111. Matthews v. Gaither 902 7.2d 877, 881 (11th Cir 1990)
| 112 Douglas v. Yates 535 7.3d 1316, 1319-21 (11th Cir 2008)
| 113. Belt Atl. Corp. v. Towmbly 550 U.S. 554, 555, 127 S. Ct.
| 1955, 1964-65, 570, 1967 L.Ed. 2d 929 (2007)
| 114. Wright v. Newsome 795 7.2d 964, 968 (11th Cir 1986)
| 115. Moody v. Daggett 429 U.S. 78, 88 n. 9, 97 S. Ct. 274,
| 279 n. 9, 50 L.Ed 2d 236 (1976)
| 116. Bridges v. Russell 757 7.2d 1155, 1157 (11th Cir 1985)
| 117. Wildberger v. Bracknell 869 7.2d 1467, 1468 (11th Cir 1989)
| 118. Case v. Eslinger 555 7.3d 1317, 1325 (11th Cir 2009)
| 119. Saucier v. Katz 533 U.S. 194, 200, 121 S. Ct. 2151, 2155,
| 150 L.Ed. 2d 272 (2001)
| 120 Slicker v. Jackson 215 7.3d 1225, 1229 (11th Cir 2000)
| 121 Harris v. Garner 190 7.3d 1279, 1286-87 (11th Cir 1999) (2000)
| 122. Hughe v. Lott 350 7.3d 1157, 1162, 1163 (11th Cir 2003)
| 123. Smith v. Allen 502 7.3d 1255, 1271 (11th Cir 2007)
| 124 Fed R. C.I.V. P. 54 (c)
| 125. Williams v. Chatman No. 02-11850, 104 Fed. Appx 150
| (11th Cir. Apr 30, 2004) 28 U.S.C. P. 1915 (g) ; (No. 05-15803)

-8-

con'f: Case Laws

IX  Statement of claim(s): P.(9) of (18)

IX "  126. Oliver v. Fulla 258 F.3d 1277, 1281 (11th Cir 2001)
(B)  127. R.J. Dickerson, JR. v. James E. Donald 252 Fed Appx 277
       No. 06-15647 (CA 11th Cir Ga 2007)
       128. Harris v Garner 216 F.3d 970, 988 n.6 (11th Cir 2000) Fed R. Civ P15 (d)
       129. Drew v. Department of Corrs., 297 F.3d 1278, 1293 n.7 (11th Cir 2002)
       130. Burton v. Tampa Housing Auth 271 F.3d 1274, 1276-77 (11th Cir 2001)
       131. Mutsushita Elec, Indus, Co. v. Zenith Radio Corp 475 U.S.
       574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)
       132. Anderson v. Liberty Lobby, Inc, 477 U.S. 242, 249-50,
       106 S.Ct. 2505, 91 L.Ed. 2d 202 (1986)
       133. Waddell v. Valley Forge Dental Assocs., Inc., 276
       F.3d 1275, 1279 (11th Cir 2001)
       134. Avirgan v. Hull 932 F.2d 1572, 1577 (11th Cir 1991)
       135. Pace v. Capobianco 283 F.3d 1275, 1278-79 (11th Cir 2002)
       136. Campbell v. Sikes 169 F.3d 1353, 1374 (11th Cir 1999)
       137. Farrow v. West 320 F.3d 1235, 1248, 1249 (11th Cir 2003)
       138. Gaffis v. Brice 136 F.3d 724, 726, (11th Cir 1998)
       139. Matthews v. Crosby 480 F.3d 1265, 1270 (11th Cir 2007)
       also  (No. 07-86) (July 23, 2007)
       140. Williams v. Bd. of Regents of Univ. Sys. of Ga. 477
       F.3d 1282, 1300 (11th Cir 2007)
       141. Harbert Intern., Inc., v. James 157 F.3d
       1271, 1282 (11th Cir 1998)
       142. Smith v. Secretary, Florida Dept. of Corrections
       358 Fed Appx. 60, (CA 11th (Fla) 2009)

Cont: Case Laws

VI  Statement of Claim(s) Pg (10) of (11)

"IX" 143  Boxer X v. Harris 437 F.3d 1107, 1110 (11th Cir 2006)
(B)  144  Tannenbaum v. United States 148 F.3d 1262, 1263
        (11th Cir 1998)
     145  Jones v. Bock 549 U.S. 199, 215, 127, S. Ct 910, 920,
        166 L. Ed. 2d 798 (2007)
     146. Cryder v. Oxendine, 24 F.3d 175, 177 (11th Cir 1994)
     147. Kirby v. Siegelman 195, F.3d 1285, 1290-91 (11th Cir 1999)
     148  Sandin v. Conner, 515 U.S. 472, 475-76, 486, 115 S. Ct.
        2293, 2296, 2301, 132 L. Ed. 2d 418 (1995)
     149. Hakim v. Hicks, 223 F.3d 1244, 1247-48 (11th Cir 2000)
     150. Pope v. Hightower, 101 F.3d 1382, 1384 (11th Cir 1996)
     151. Burnam v. Amoco Container Co., 738 F.2d 1230, 1231
        (11th Cir 1984)
     152  Burke v. Smith 252 F.3d 1260, 1263 (11th Cir 2001)
     153  Drago v. Jenne 453 F.3d 1301, 1305 (11th Cir 2006)
     154  Mays v. U.S. Postal Serv 122 F.3d 43, 46, (11th Cir 1997)
     155. Arthur v. King 500 F.3d 1335, 1343 (11th Cir 2007)
     156  Ritter v. Smith 811 F.2d 1398, 1400 (11th Cir 1987)
     157  Jemison v. Mitchell 380 Fed. Appx 904 (C.A.11 (Ala) 2010)
     158. Jones v. Bock 549 U.S. 199, 214-215, 127 S. Ct. 910, 920
        921, 166 L. Ed 2d 798 (2007)
     160  Leal v. Ga Dept of Corrs 254 F.3d 1276, 1278-79
        (11th Cir 2001)
     161  Ashcroft v. Iqbal ...U.S... 129 S. Ct. 1937, 1949, 173 L.
        Ed. 2d 868 (2009)
     162. Bank v. Pitt 928 F.2d 1108, 1112 (11th Cir 1991)

con't: Case Laws

**VI** Statement of cliam(s) : P.(10) of (10)

"**IX**"
(B)
163. Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 (11th Cir 2002)

164. Wildberger v. Brackrell 869 F.2d 1467, 1468 (11th Cir 1989)

165. Timson v. Sampson 518 F.3d 870, 874 (11th Cir) — U.S. — 1295, cf. 74, 172 L. Ed. 2d 67 (2008)

166. Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1331 (11th Cir 2004)

167. Wagner v. Bank 314 F.3d at 542 n. 1.

168. Schlicher v. Fla. Dept of Corrections 399 Fed. Appx. 538, (C.A.11th Cir (Fla) 2010)

169. Johnson v. Meadows, 418 F.3d 1152, 1155 (11th Cir 2005)

170. Jones v. Bock 218 U.S. S.Cf. 910, 166 L.Ed.2d 798 (2007)

171. Chandler v. Crosby 379 F.3d 1278, 1288 (11th Cir 2004)

172. Bryant v. Rich 530 F.3d 1368, 1373 (11th Cir 2008)

173. Turner v. Burnside, 541 F.3d 1077, 1085 (11th Cir 2008)

CIVIL RIGHTS COMPLAINT FORM #42 U.S.C. 1983,

II. PREVIOUS LAWSUITS, PG (1) OF (4) ___ REF. BB

REF (C)

I) 1 PLAINTIFF: VERNON FLANNING
DEFENDANT: STATE OF FLORIDA

2. DISTRICT AND JUDICIAL DIVISION: (6TH) DISTRICT CLERK OF COURT (M.D.

3. NAME OF JUDGE: HONORABLE JUDGE R.C. LUCE   CASE NO#: JANUARY 2009

4. APPRO. DATE: INCARCERATION 2009

5. DATE STILL PENDING: N/A

6. REASON FOR DISMISSAL: STILL INCARCERATED

7. FACTS AND CLAIMS OF CASE:

ON THIS CHARGE OF INCARCERATION OF, I HAVE SOME
BATTERY ON LEO'S, IN WHICH I WAS CONVICTED AND
INCARCERATED UPON MY VIOLATING OF LAW, I HAVE BEEN
UNDER GOING VERY ABUSSIVE FORCE, ASSAULT, HARASSMENT,
CULPABLE NEGLIGENCE, VERBALLY AND MENTALLY BY STAFF,
AND RETAILIATION AND RETAILIATORY MANNERS, I WENT
FROM BEING MENTALLY STABLE, TO BEING UNSTABLE SEVERAL
PERIODS OF MY INCARCERATION, MY CARE, CUSTODY, AND
CONTROL WERE VIOLATED BY FACILITY STAFF MEMBERS,
I WITNESSED STAFF OFFICIAL SPRAY INMATES EXCESSIVE
TIMES, IN D/C STATUS HOUSING. INVESTIGATIONS REPORT
WRITTENED, BUT NEVER FOLLOWED UP, INVESTIGATIONS
UPON MY BEHALF LOG NO#1106-166-6666 APPROVED,
AGAINST STAFF BUDDY BUDDY SYSTEM. BUT, NEVER

- 1 -

CIVIL RIGHT COMPLAINT FORM #42 U.S.C 1983

IV   PREVIOUS LAWSUITS; CON'T PG. 1   OF PG (2) OF (4)   REF BB

PART (C)

I) 7.   FACTS AND CLAIMS OF CASE;

FOLLOWED UP, MY PROTECTIVE MANAGEMENT TOTALLY
PROCESSED, IN IMPROPER PROCEDUCERS UNDER F.A.C. 33-103,
DC6-206, DC6-137 SUBSECTION (11) OF THE PROTECTIVE
MANAGEMENT INMATE A/C AND D/C STATUS, PRIOR
P.M. STATUS WAS REFUSED (3) TIMES, BY THE STAFF
OFFICIALS, I THOUGHT, UNDER FEDERAL AND STATE
LAWS, THAT, ONCE BEING CONVICTED FOR A CRIME
PUNISHABLE BY LAW, THAT, YOU AS A CONVICTED
CRIMINAL, STILL ARE UNDER THE FLORIDA
ADMINISTRATIVE CODES RULES, AND REGULLATIONS
BY THE STATE OF FLORIDA

CIVIL RIGHT COMPLAINT FORM #42 U.S.C. 1983

II. PREVIOUS LAWSUITS; PG (3) OF (4)
PART (C)

II ) A) PLAINTIFF: VERNON FLANNING
B) DEFENDANT: STATE OF FLORIDA DEPARTMENT OF CORRECTION;
SERGEANT H. BAKER; SGT. PADGETT, SGT. FOSTER; SGT. JACKSON;
OFFICER PERISH; OFF. HOLAND

2. JUDGE NAME & CASE NO#:
N/A      CASE NO#: PENDING

3. COUNTY & JUDICIAL CIRCUIT:
PANAMA CITY · CLERK, U.S. DISTRICT COURT

4. JUDGE: N/A

5. APP. FILING DATE:

6. IF PENDING DATE OF DISMISSAL: N/A

7. REASON FOR DISMISSAL: N/A

8. FACTS AND CLAIMS OF CASE:
               2-27-12    I WAS "ASSAULTED" BY
STAFF(6), I WAS REFUSED PROTECTIVE MANAGMENT (3)
TIMES, BEFORE I, GENERAL P.M. MY STATUS, I
REQUESTED FOR CAMERAS, AND WITNESS STATEMENT IN
MY D.R. HEARING INVESTIGATION. AND IN MY D.R.
HEARING NO EVIDENCE OF WITNESSES. E.T.C. ...

-3-

UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

CIVIL RIGHTS COMPLAINT FORM #42 U.S.C. 1983

IV. PREVIOUS LAWSUITS:        PG (4) OF (4)
PART (C)

III) 1. A) PLAINTIFF: VERNON FLANNING
B) DEFENDANT: STATE OF FLORIDA

2. DISTRICT & COUNTY DIVISION:
HILSBOROUGH - D.C.A. 2ND DISTRICT OF APPEAL

3. JUDGE NAME: N/A                    CASE NO # CRC 03-11597 CFA
                                       CRC 05-22459 CFANO
4. APPOR. FILING DATE:                 CRC 06-09899 CFANO
                                       CRC 06-10604 CFANO
5. IF PENDING DATE OF DISSMAL: N/A     CRC 06-18383 CFANO
                                       CRC 04-22052 CFANO
6. REASON FOR DISMISSAL: N/A

7. FACTS & CLAIMS OF CASE: THE HABEAS CORPUS OF BELATED APPEA
WAS HANDLED IN AN UNTIMELY MANNER, OF (2) YEARS FOR AN HABEAS
CORPUS OF BELATED APPEAL. A STATUS CHECK FOR THE MOTION WAS
FILED #2010, THE MOTION WAS ANSWERED IN A PENDING STATUS -
(#2010), TO CLEAR UP THE COURTS "FUNDAMENTAL ERROR" CONCERNING,
THE MOTION PENDING STATUS. ANOTHER HABEAS CORPUS WAS FILED IN
AMENDED (#2012 FEBRUARY) CONCERNING 893.13 PURSUANT FLA. STATUE BEING
UNCONSTITUTIONAL ILLEGAL SENTENCING. THE (2) MOTIONS HABEAS
CORPU(S) WERE COMBINED AS ONE MOTION, ON FEBRUARY 15, 2012 THE
(2) COMBINED MOTIONS WERE DENIED. AND, ONLY ALLOWED ME (30) DAYS TO
CORRECT THE COURTS DECISION, HONORABLE JUDGE R. LUCE AN CIRCUIT
JUDGE DONE AND ORDERED FEBRUARY 15, 2012. IN WHICH, DONE AND
ORDERED TO CLEAR UP THE (2) FUNDAMENTAL ERRORS". THAT, THE (2)
MOTIONS WERE WRONGFULLY COMBINED PRA SE....

-4-

REF. CASH MONEY

PREVIOUS LAWSUIT(S): PG (1) OF (3)

"CASH MONEY"

ON JULY 11, 2012 FLANNING WAS SUPPOSE TO FILE AN GRIEVANCE CONCERNING THE "CASH MONEY." FOUND INFRONT OF SHOWER DOOR JUNE 29, 2012 AT THE HOURS OF 7:00 P.M. - 12:00 P.M., DURING SHOWERS FOR Q1-DORM. BUT, DUE TO THE LOST OF MY FIRST CIVIL COMPLAINT FORM #42 U.S.C. §1983. FLANNING HAVE GOTTON FUSTRAIGHTED EMOTIONALLY, AND PHYSICALLY AS A MENTAL STATE OF MIND. ACCESS TO ALL INSTITUTIONAL CHANNELS HAVE BEEN IN A FAIR STATE OF CONDITION, BEING UPON MY RELEASE, FROM CONFINEMENT. AND, I CAN GO UP THERE PERSONNALLY TO THE LAW LIBRARY, "THANKS" TO CITZEN'S SERVICES OF THE DISTRICT OF TALLAHASSEE.

FLANNING GAVE THE "CASH MONEY" TO THE STAFF IN CHARGE, BEFORE EXITING THE WINDOW SHOWER AREA OF Q1-DORM BOTTOM SHOWER. THE INCIDENT WAS GRIEVED, BECAUSE FLANNING'S REQUEST FOR ANY-KIND OF LIENTCY ON FLANNING'S MOTION FOR A POST CONVICTION 3.800 SUMMARY. FLANNING HAD

TO GRIEVE ABOUT THE "CASH MONEY" FOUNDED, THE STAFF ACTED IN AWAY OF NO CONCERN, ABOUT THE

CONTRABAND FUNDS INFRONT OF THE SHOWER AREA

(INFRONT OF THE SHOWER DOOR). BUT, IF THE "FUNDS"

-1-

REF: "CASH"

PREVIOUS LAWSUIT(S); PG (2) OF (3)

WERE FOUND IN THE POSSESSION, OR PROPERTY OF AN
INMATE. THE ENTIRE <u>INCIDENT</u> WOULD HAVE BEEN

TREATED IN AN <u>MORE</u> SERIOUS MANNER. EVEN, THE

HEADS OF STAFFING HAD NO ~~CORS~~ CONCERNS ABOUT THE
"CASH MONEY", IN FACT, FLANNING WAS RESPONDED
TO BY <u>WARDEN'S STAFFING</u>. THAT IT'S NOT FLANNING'S

CONCERN, IF AN INCIDENT BEEN WROTE UP CONCERNING
THE "CASH MONEY" FOUNDED <u>IN</u> FRONT OF SHOWER DOOR,
<u>INCIDENT REPORTS</u> PROTECT'S THE INSTITUTIONAL

<u>AFFAIRS</u> AS, WELL AS **FLANNING** WHO WAS IN POSSESSION

OF THE "FUNDS". FLANNING HAVE NO IDEA, IF THE
INCIDENT REPORT WAS WRITTEN. IN WHICH, I SENT
AN NOTATION TO THE SECOND D.C.A OF APPEALS. NOW,
FLANNING HAD GRIEVANCE TO INCIDENT THAT WAS
REPORTED. BUT, THE ORGINAL COPIES WERE LOST
IN THE INSTITUTION'S MAILING CHANNELS, THE
COPIES OF THE GRIEVANCE WAS LOST, AFTER A
ROOM SEARCH BY OFFICERS, WHILE, FLANNING WAS
IN THE SHOWERS, OFFICERS SEARCH ALL CELL
ROOMS, ON SHOWERING INMATES. FLANNING WAS
IMPLYING ABOUT LAW WORK TAKEN TO THE
SERGEANT H. BAKER, AND OFFICER VANCE WHO
SEARCHED FLANNING'S CELL. STAFF SAID, THEY

REF: "CIASH"

PREVIOUS LAWSUIT(S); PG (3) OF (3)

HAD TAKENED NO PAPER WORK. WELL, FLANNING
HAD SENT NOTATION(S) TO SECOND D.C.A PREVIOUSLY
BEFORE ALL COPIES WERE LOST. NOW, FLANNING
STANDS IN SUBJECTION OF PREJURY. IF, THE
CITATIONS OF THE INCIDENT REPORT. HOPEFULLY,

WAS REPORTED BY STAFF'S INFORMAL, AND
FORMAL GRIEVANCE WRITTEN TO WARDEN'S OFFICE.
NOW, WARDEN CULPEPPER CAME WITH HIS STAFFERS
FROM ANOTHER INSTITUTION. FLANNING HAVE
NO IDEA OF SERGEANT H. BAKER PREVIOUS INST.

BUT,... FACT, SERGEANT H. BAKER WAS PERMITTED TO
WORK AROUND INMATE FLANNING. AFTER THE
SENSITIVE NATURE OF THE SOLITATION OF THE

FIGHT INCIDENT, AND PROTECTION MANAGEMENT

SOLITITED BY SERGEANT H. BAKER, FLANNING LISTED

THE STAFF MEMBERS, THAT WERE IN DIRECT

VALIDITED TO INCIDENT OF INFRACTION(S) AT

COMMENCE ....

—3—

REF: CONCUSSION (S)

PG (1) OF (4)

PREVIOUS LAWSUIT (S): GENERAL INCARCERATION

PLAINTIFF: VERNON FLANNING
STATE   2-27-12

CONCUSSION (S)

FLANNING HAD SEVERAL CONCUSSION (S) ON HIS
FACIAL, AND HEAD AREA (S). THE STUDY OF THE CONCUSSION
INJURY HAVE STILL NOT BEEN PROPERLY ANALYSIS IN
TODAY'S MEDICAL HISTORY. THEY ARE JUST MAKING
RECENT STUDIES ABOUT CONCUSSION (S) SAID MEDICAL
DOCTOR OF OHIO UNVERSITY. CONCUSSION (S) MOSTLY OCCUR
IN SPORTS BASKET BALL, FOOTBALL, TRACK, HOCKEY, SKIING,
SOCCER, AND BASEBALL. DOCTORS SAY, MOST COMMON
CONCUSSION (S) HAPPENS FROM OUR DAILY ACTIVITIES.
LIKE CAR CRASHES, BICYCLES, MOTORCYCLES, AND
EVERY DAY FALLS, BUMPS, AND BRUISES. SOME AFFECTS
CAUSED FROM CONCUSSION (S) ARE DIZZINESS, FATIGUE,
NAUSIOUSNESS, ALHEIMERS, AND MENTAL DISABILITY. MOST
CONCUSSION (S) HAPPENS FACIAL AREA, SAYS DOCTOR OUT
OF HARVARD UNVERSITY. PAIN CAN OCCUR FROM A SEVERE
CONCUSSION WITHIN SECONDS, MINUTES, TO A COUPLE OF DAYS.
YOU MOSTLY FEEL THE PAIN FROM A CONCUSSION, WHEN YOU
ARE REVIVED FROM UNCONSCIOUSNESS. OR, FROM A LESS
SERVER BLOW TO THE HEAD. PAIN TENDS TO OCCUR TO
YOUR KNOWLEDGE "INSTANTLY". DOCTORS SAY, CONCUSSION (S)
CAN'T BE TREATED DUE TO LACK OF MEDICAL

STUDIES. CONCUSSION (S) ARE A STATE OF SHOCK, AND

-1-

REF: CONCUSSION(S)

PG (2) OF (4)

PREVIOUS LAWSUIT(S): GENERAL INCARCERATION

BRAIN INJURY FROM A BLOW, CONCUSSION(S) CAN CAUSE
NECESSARY BLANK SITUATION, AND STIPULATIONS DUE TO STATE
OF AFFAIR, CONCUSSION(S) CAN CAUSE CONDESCENSION OF
EMOTIONAL MENTAL BEHAVIORS, CONCUSSION(S) SYMPTOMS
POUR FORTH VIOLENTLY EFFUSIOUSNESS. ATHELETES ARE
KNOWN FOR REPEATED CONCUSSION(S), BECAUSE, SPORT
TRAINER'S DOCTORS ALLOW THE ATHELETS TO PLAY. AS
LONG AS THE CONCUSSION(S) SHOWS NO CONDITION OF
BULGING. EVEN THOUGH ATHELETS ARE CONNIVING THE
SERIOUSNESS OF THEIR SAFTY, BY CONTINEOUS BLOWS OBTAINED
DURING THEIR COMPETITORNESS. DOCTORS ADVISE ALL
ATHELETS, AND PATIENTS THAT ANY KIND OF HEAD INJURY IS

IMPERATIVE. DOCTORS ANALYSIS OF EVALUATIONS
CONCERNING CONCUSSION(S) SEEM EXTRAORDINARY.
THE BRAIN STRUCTURE IS FLANNEL, TO AN IMPACT OF ANY
SOURCE BLUNT OBJECT OF SOLIDNESS, MONMENTARILY
SHODDY ERROR OF AN UNCONTROLABLE MOVE, STEP, OR MOTION
CAN MAKE YOU SUBJECT TO AN CONCUSSION(S).

FLANNING WAS NEGLECTED BY STAFF OF APALACHEE
C.I. EAST UNIT CARE, CUSTODY, AND CONTROL, DUE TO THE
FACT, THAT WAS AN INJURY TO INMATE FLANNING'S
HEALTH. THE RESULT WAS SEVERAL CONCUSSION(S) TO
THE HEAD AREA. X-RAYS SHOWED THE CONFIRMITY

OF THE FACIAL AREA, HEAD AREA, AND BACK AREA. NO

MEDICATION(S) WERE GIVING FOR CONTUSION(S).

-2-

REF; CONCUSSION(S)

PREVIOUS LAWSUIT(S); PG (3) OF (4)


COMES NOW,

ON JULY 11, 2012 ON ROUTINE MAILING CHANNELS, FLANNING WAS IN CONFINEMENT Q1-214 LOCATION HOUSING, FLANNING SENT OUT THE MAIL INTO REGULAR ROUTINE CHANNELING, WHEN, FLANNING WAS RELEASED FROM CONFINEMENT. THE LAW LIB, STAFF INFORMED FLANNING THAT THIS REVISED CIVIL COMPLAINT FORM WAS LOST IN THE MAIL, THE

CIVIL COMPLAINT FORM WAS SEALED, WITH THE COPY SHEET FORM IN A WHITE ENVELOPE, "I"

FEEL THAT IT WAS PERSONALLY LOST, BY STAFF

DUE TO THE NATURE OF THE CONTENTS AGAINST

STAFF(S) MEMBER(S), ALL COPIES OF MY INFORMAL, FORMAL, APPEALS, AND DCI-303 FORMS TO SECRETARY, FLA, DEPT, OF CORR,

FLANNING WAS APPROVED FOR "EMERGENCY TRANSFER"

ON DCI-303 FORM, STATE ATTRONEY, AND CITZEN'S

SERVICES WAS NOTIFIED BY FLANNING'S FLAMILY"

-3-

REF: CONCUSSION(S)

PREVIOUS LAWSUIT(S): PG (4) OF (4 )

REPORTS WERE TAKENED OF STAFF'S NEGLIENCE,

AND, ALMOST ALL CHANNEL'S CLOSED TO THE
AIDING OF FLANNING'S DAILY ACCESS.

"FLANNING ENJOYED (USE) OF THE LAW LIBRARY
ACCESS THAT'S FOR ALL INMATES, SEEING THAT
IN CONFINEMENT FLANNING DID NOT GET THE

PROPER ACCESS TO THE USE OF THE LAW LIBRARY,

BECAUSE, OF THE NATURE OF MY LAW SUIT AGAINST

STAFFING. THANKS TO CITZEN'S SERVICES AID,

FLANNING WAS ALLOWED TO HAVE NO MORE

INTERFERNCE, BY STAFFING."

-4-