UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

VERNON FLANNING, SR.,

    Plaintiff,

v.                                                  Case No. 5:12cv337/MW/CJK

STATE OF FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

    Defendants.
_____/

## ORDER

This cause is before the court upon plaintiff's "motion to extend/and counsel" (doc. 54). For the following reasons, the motion to extend will be granted and motion to appoint counsel will be denied.

"Prisoners raising civil rights claims . . . have no absolute constitutional right to counsel." *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993); *Smith v. Fla. Dep't of Corr.*, 713 F.3d 1059, 1065 (11th Cir. 2013) (recognizing that civil plaintiffs, even indigent ones, have no right to counsel). A district court has discretionary authority under 28 U.S.C. § 1915(e)(1), to appoint counsel for indigent litigants in civil cases when exceptional circumstances warrant such appointment. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999); *Killian v. Holt*, 166 F.3d 1156 (11th Cir. 1999); *Kilgo*,

983 F.2d at 193 ("Appointment of counsel in civil cases is . . . a privilege justified only by exceptional circumstances, such as the presence of facts and legal issues [which] are so novel or complex as to require the assistance of a trained practitioner." (quotations and citation omitted) (brackets in original)).  The district court must answer two threshold questions when reviewing an indigent prisoner's request for counsel:  first, whether the prisoner has looked for counsel; second, whether the plaintiff's case has merit.  *Neal v. Cassiday*, 511 F. App'x 865, 865 (11th Cir. 2013) (*citing Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982), *and Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987)).  Once those threshold requirements are met, the district court considers various factors in determining whether "exceptional circumstances" warrant appointment of counsel, including; "(1) the type and complexity of the case, (2) whether the indigent is capable of adequately presenting his case, (3) whether the indigent is in a position to adequately investigate the case, and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination." *Neal*, 511 F. App'x at 865-66 (*citing Ulmer*, 691 F.2d at 213).  Even if the court determines that appointment of counsel is appropriate, the court cannot require a particular attorney to represent the indigent litigant. *Mallard v. U.S. Dist. Court for Souther Dist. of Iowa*, 490 U.S. 296, 109 S. Ct. 1814, 104 L. Ed. 2d 318 (1989) (holding that 28 U.S.C. § 1915 does not authorize a federal district court to require an unwilling attorney to represent an indigent litigant in a civil case).  In the instant case, plaintiff puts forward no evidence demonstrating any of the aforementioned requirements.

As to plaintiff's request for an extension of time, plaintiff has already been granted one extension in which to submit his second amended complaint. Plaintiff will be granted a **fourteen (14) day** extension until July 24, 2014, to submit his second amended complaint. Plaintiff will be granted no further extensions.

Accordingly, it is ORDERED:

Plaintiff's "motion to extend/and counsel" is GRANTED in part and DENIED in part as indicated in this order. Plaintiff shall have until July 24, 2014, to submit his second amended complaint.

DONE AND ORDERED this 14th day of July, 2014.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**