UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

VERNON FLANNING, SR.,

      Plaintiff,

v.                                   Case No. 5:12cv337/MW/CJK

H. BAKER,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

This matter is before the court on defendant H. Baker's motion to dismiss (doc. 76) and plaintiff's response in opposition (doc. 78). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). Upon careful consideration of the record, the parties' submissions, and the relevant law, the court concludes defendant Baker's motion to dismiss should be denied.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate of the Florida penal system currently confined at Suwannee Correctional Institution Annex. Plaintiff initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983. (Doc. 3). On July 10, 2014, plaintiff filed his second amended complaint, the operative pleading in this action. (Doc. 57). Sergeant H. Baker is the only remaining

defendant in this action.[1]  At the time of the events described in the complaint, Baker was a correctional officer at Apalachee Correctional Institution.  (*Id.*, p. 2).[2]

Plaintiff's second amended complaint contains the following factual allegations.  On "Friday 27th, 2012[,]" while confined at Apalachee Correctional Institution, plaintiff stated to Sergeant Baker, "I thought we were not supposed to be housed with youthful offenders, plus, it is a pink sign over his cell."[3]  (*Id.*, p. 6).  Plaintiff requested a transfer to an empty cell upstairs, which Baker denied.  (*Id.*).  The youthful offender then stated "I want my room to myself.  I will move upstairs."  (*Id.*).  Plaintiff asked Baker to contact a supervisor but Baker refused.  (*Id.*).  Instead, Baker stated, "Yall have to fight.  Then, I can move yall."  (*Id.*).  After plaintiff requested a grievance form, Baker again ordered plaintiff and the youthful offender to fight.  (*Id.*).  Baker threatened to spray plaintiff and his cellmate with chemical

---

[1] Although the second amended complaint names eight defendants, the court dismissed plaintiff's claims against seven defendants (Apalachee CI Medical Department, Perish, Brock, Padgett, Froster, Jackson, and Holland) for failure to state a claim upon which relief may be granted. (*See* Docs. 62, 65).  The case was remanded to the undersigned for further proceedings on plaintiff's Eighth Amendment individual capacity claim against defendant Baker. (Doc. 65). Defendant Baker was served on November 7, 2014. (Doc. 74).  Baker asserts the service copy plaintiff submitted to the clerk was not identical to the second amended complaint filed with the court. (Doc. 76, p. 3 fn. 4).  Baker requests that plaintiff be sanctioned for failing to submit an identical service copy as ordered by the court.  Plaintiff indicates he corrected several dates and modified the service copy in light of the court order dismissing all but the individual capacity claims against Baker.  Baker responded to the copy of the second amended complaint on file with the court.  Sanctions are not necessary at this time.  Plaintiff, however, is advised that sanctions, including dismissal of this action, may result if he fails to strictly comply with court orders.

[2] The references to document and page numbers will be to those automatically generated by the CM/ECF system.

[3] According to plaintiff, a pink sign indicates the inmate "expose[s] his genitals to women." (Doc. 57, p. 6).

Case No. 5:12cv337/MW/CJK

agents if they failed to fight each other.  (*Id.*).  Baker continued to advise plaintiff he would not be moved unless he fought with his cellmate.  (*Id.*).  Baker then "walked off."  (*Id.*).

Twenty minutes later, Officers Lester and Roberts escorted plaintiff to the showers.  (*Id.*).  When Officer Lester returned to escort plaintiff back to his cell, plaintiff requested protective custody.  (*Id.*).  Officer Lester summoned Sergeant Baker to the shower and informed him plaintiff was requesting protective custody and to speak with the captain.  (*Id.*).  Sergeant Baker left.  (*Id.*).  After "all the bottom floor inmates were put in their cells[,]" Officer Lester returned to plaintiff's cell with Officer Roberts and Sergeant Baker.  (*Id.*).  Plaintiff again requested protective custody, indicating he was "in fear of [his] life."  (*Id.*).  Sergeant Baker ordered Officer Lester to take plaintiff to a holding cell so the captain could see him.  (*Id.*, p. 7).  Before exiting the quad, however, Sergeant Baker retracted the order and directed Officer Lester to take plaintiff back to his regular cell.  (*Id.*).

Plaintiff later asked Officers Lester and Roberts if they were "gonna take care [of] this problem?"  (*Id.*).  The officers replied, "We would but it is Serge's Baker [sic] call."  (*Id.*).  An hour later, plaintiff asked Sergeant Baker if plaintiff or his cellmate would be moved.  (*Id.*).  Baker stated, "I don't see no injuries."  (*Id.*).  Plaintiff asked if Baker intended to make plaintiff and his cellmate fight.  (*Id.*).  Baker said "I am gonna show you a cracker" and "blanked [sic] his eye at the young offender[.]" (*Id.*).  Plaintiff "defended himself" and fought with his cellmate while Sergeant Baker watched.  (*Id.*).  During the fight, plaintiff heard Nurse Smith's voice. (*Id.*).  The fight stopped and plaintiff saw Baker and Smith standing four feet from his cell.  (*Id.*).  Plaintiff showed his head wounds to Smith and requested a cell transfer.

(*Id.*).  Baker and Smith walked away from plaintiff's cell as plaintiff yelled that he wanted protective custody.  (*Id.*).

An hour later, Baker returned to plaintiff's cell. (*Id.*).  Plaintiff again requested a cell transfer.  (*Id.*).  Baker told plaintiff "fight!  I do not see nothing."  (*Id.*). Plaintiff and his cellmate began fighting again.  Sergeant Baker then sprayed plaintiff in his eyes with chemical agents.  (*Id.*).  Both inmates were subsequently handcuffed and escorted to the showers.  (*Id.*).  From these events, plaintiff asserts he "suffers from mental anguish, arm, back injuries, and a concussion that was never treated." (*Id.*, p. 18).  Plaintiff further asserts that "[t]he concussion is a long term injury" and he has "daily intense migraines headaches."  (*Id.*).

Based on these allegations, plaintiff contends defendant Baker violated his rights under the Eighth Amendment.  (*Id.*, p. 12).  For relief, plaintiff requests $200,000 in compensatory damages and $200,000 in punitive damages. (*Id.*, p. 18). Now pending before the court is defendant Baker's motion to dismiss (doc. 76), and plaintiff's response in opposition (doc. 78).

## LEGAL STANDARD

In considering a motion to dismiss, the court reads plaintiff's *pro se* allegations in a liberal fashion, *Haines v. Kerner*, 404 U.S. 519 (1972), accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff.  *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).  There are a few exceptions to this rule, such as where the facts alleged are internally inconsistent or where they run counter to facts of which the court can take judicial notice.  5B CHARLES A. WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (2008).  Further, only <u>well-</u>

pleaded factual allegations are taken as true and only reasonable inferences are drawn in favor of the plaintiff.  *See Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir. 1992); *Marrero v. City of Hialeah*, 625 F.2d 499, 502 (5th Cir. 1980);[4] *see also Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) ("unwarranted deductions of fact are not admitted as true").  Mere "labels and conclusions" are not accepted as true.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (noting that courts "are not bound to accept as true a legal conclusion couched as a factual allegation"); *Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009) (explaining that conclusory allegations are not entitled to a presumption of truth).

DISCUSSION

Litigation History

Defendant Baker asserts plaintiff's second amended complaint should be dismissed for abuse of the judicial process because plaintiff failed to accurately disclose his litigation history on the Northern District of Florida's Civil Rights Complaint Form (to be used by prisoners in actions under 42 U.S.C. § 1983).  (Doc. 76, p. 5-8).  Section IV of the Civil Rights complaint form is titled "Previous Lawsuits."  (Doc. 57, p. 4).  The section warns plaintiffs that "failure to disclose **all** prior civil cases may result in the dismissal of this case.  If you are unsure of any prior cases you have filed, that fact must be disclosed as well."  (*Id.*).

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

In subsection D of that section, plaintiff was asked, "Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service?  If so, identify each and every case so dismissed[.]"  (*Id.*).  Where there are parenthetical areas to mark either a "Yes" or "No" answer to the question in Section IV(D), plaintiff marked "No".  (*Id.*).  Defendant Baker claims plaintiff "had an appeal to the United States Eleventh Circuit Court of Appeals dismissed as frivolous on June 19, 2014, which was prior to Plaintiff filing his second amended complaint with this Court."[5]  (Doc. 76, p. 5).  Plaintiff did list the appeal number under Section IV(B) of the complaint form, which asks whether plaintiff has "initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?"  (Doc. 57, p. 4).  Plaintiff, however, failed to list the date or reason for the dismissal of the appeal.  (*Id.*).  In addition, in response to the question "Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?", plaintiff mistakenly listed the case number for a civil action he initiated in the Middle District of Florida.  (*Id.*).  Plaintiff identified the case as having been filed in Pinellas County and did not identify the reason the case was dismissed or the date of dismissal.  (*Id.*).

Based on these inaccuracies, defendant Baker asserts plaintiff's complaint should be dismissed without prejudice for abuse of the judicial process.  In response, plaintiff asserts he has a mental disability, no legal training, and answered all the questions on the complaint form "to the best of his knowledge."  (Doc. 78, p. 1).

---

[5] A review of the docket for Appeal No. 13-14877 indicates the appeal was dismissed on May 19, 2014.  Plaintiff filed a motion for reconsideration on June 19, 2014.  The motion was denied on August 21, 2014.

Case No. 5:12cv337/MW/CJK

Plaintiff indicates he answered "no" to whether any of his cases in federal court had been dismissed as frivolous because the court's decision was not a final decision. (Doc. 78, p. 5).  Plaintiff further asserts he "did not know that all courts were federal courts concerning civil rights complaints."  (*Id.*).

Plaintiff's failure to complete the § 1983 complaint form correctly does not warrant dismissal of this case.  All of the district court cases cited by defendant Baker in support of the motion to dismiss involve a prisoner's complete failure to disclose one or more prior federal cases.[6]  Here, plaintiff disclosed the appeal that was dismissed as frivolous, albeit in response to a different question on the complaint form.  Similarly, plaintiff mistakenly described a federal civil action he brought as having been filed in Pinellas County.  These mistakes do not appear to be malicious.

In addition, plaintiff was granted *in forma pauperis status* on September 6, 2013 (doc. 26), some nine months before plaintiff's appeal was dismissed as frivolous.  The mistakes cited by defendant Baker did not affect the court's

---

[6] *See Sanders v. Hemphill*, No. 2:10cv363-FtM-29DNF, 2012 WL 2870804 (M.D. Fla. July 11, 2012) (dismissing case where prisoner failed to disclose state case and at least one federal case); *Bratton v. Secretary*, No. 2:10cv517-FtM-29DNF, 2012 WL 2913171 (M.D. Fla. July 16, 2012) (dismissing case where prisoner failed to disclose one prior federal case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Hinson v. Escambia Cnty. Sheriff's Dep't*, No. 3:09cv112/MCR/EMT, 2009 WL 1606517 (N.D. Fla. May 6, 2009) (dismissing case where prisoner failed to disclose three prior federal cases); *Taylor v. Allen*, No. 07-0794-CG-M, 2009 1758801 (S.D. Ala. June 16, 2009) (dismissing case where prisoner failed to disclose eleven of twelve previously filed cases); *Smith v. Roberts*, No. 5:09-cv-59HL, 2010 WL 339816 (M.D. Ga. Jan. 22, 2010) (dismissing case where prisoner failed to disclose two cases); *Johnson v. Crawson*, 5:08cv300/RS/EMT, 2010 WL 1380247 (N.D. Fla. Mar.3, 2010) (dismissing case where prisoner failed to disclose one prior federal case); *Sills v. Marion Cnty. Jail*, No. 5:10cv204-Oc-29GRJ, 2010 WL 2367237 (M.D. Fla. June 13, 2010) (dismissing case where prisoner failed to disclose two prior federal cases); *Paulcin v. McNeil*, No. 3:09cv151/LAC/MD, 2009 WL 2432684 (N.D. Fla. Aug.9, 2009) (dismissing case where prisoner disclosed only four of his five prior federal cases).

Case No. 5:12cv337/MW/CJK

enforcement of the "three strikes" provision of 28 U.S.C. § 1915(g),[7] because the appeal had not been dismissed at the time plaintiff initiated this lawsuit and was granted leave to proceed *in forma pauperis*.  *See Taylor v. Fla. Dep't of Corr.*, 440 F. App'x 915 (11th Cir. 2011) (reversing district court counting as a strike a § 1915 dismissal which was entered after plaintiff filed his action).  Finally, plaintiff continued to update his litigation history on his amended complaints after he initiated this action.  (*See* Docs. 3, 48, 57).  This suggests he made a good-faith effort to keep the court apprised of his litigation history.  Thus, in the very limited circumstances of this case, a dismissal for abuse of the judicial process (even without prejudice) is not warranted.  *Cf. Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997) ("A finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal.").

42 U.S.C. § 1997e(e)

Defendant also contends the complaint should be dismissed because plaintiff's claims for compensatory and punitive damages are barred by 42 U.S.C. § 1997e(e). (Doc. 76, p. 8-13).  A complaint, or any claim therein,  is subject to dismissal under Rule 12(b)(6) when the allegations, on their face, show that an affirmative defense bars recovery on the claim.  *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).  Section 1997e(e), which is an affirmative defense, provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other

---

[7] Section 1915(g) provides that "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," the prisoner may not bring an action *in forma pauperis* unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or commission of a sexual act."  42 U.S.C. § 1997e(e); *see Douglas v. Yates*, 535 F.3d 1316, 1320-21 (11th Cir. 2008) (holding that § 1997e(e) is an affirmative defense and not a jurisdictional limitation).  Section 1997e(e) is "[r]ead as a limitation on a damages remedy only [.]"  *Harris v. Garner*, 190 F.3d 1279, 1288 (11th Cir.) (finding that the Constitution does not "mandate[ ] a tort damages remedy for every claimed constitutional violation"), *vacated*, 197 F.3d 1059 (11th Cir. 1999), *reinstated in relevant part*, 216 F.3d 970, 972, 985 (11th Cir. 2000).  Section 1997e(e) precludes the recovery of compensatory and punitive damages without a prior showing of physical injury.  *Al-Amin v. Smith*, 637 F.3d 1192, 1197-98 (11th Cir. 2011).  This physical injury must be greater than *de minimis*.  *Harris v. Garner*, 190 F.3d at 1286-87.  Section § 1997e(e) applies even if the prisoner does not allege mental or emotional injury.  *Cf. Al-Amin*, 637 F.3d at 1196-97 & n.5 (explaining that applying the physical-injury requirement only in cases in which a plaintiff affirmatively has alleged mental or emotional injuries would lead to illogical results).

This action, brought by plaintiff under 42 U.S.C. § 1983, is a federal civil action under § 1997e(e).  *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir. 2002) ("[T]he phrase 'Federal civil action' means all federal claims, including constitutional claims.").  Plaintiff was a prisoner at the time he filed this action and complains of harm that occurred while in custody.  Plaintiff's damages claims are based on the alleged injuries plaintiff suffered as a result of a fight with his cellmate, which he claims was instigated by defendant Baker.  Plaintiff alleges he suffered "arm, back injuries, and a concussion that was never treated." (Doc. 57, p. 18).  Plaintiff further

Case No. 5:12cv337/MW/CJK

alleges that "[t]he concussion is a long term injury" and he has "daily intense migraines headaches." (*Id.*).

The urgency of deciding at this early stage of the litigation whether § 1997e(e) bars plaintiff's claims for compensatory and punitive damages is unclear to the undersigned, as that would not end the litigation or do much to change the landscape of this case – other than perhaps barring potentially important discovery. Although plaintiff's second amended complaint specifically requests only compensatory and punitive damages, nominal damages may still be recoverable. *Smith v. Allen*, 502 F.3d 1255, 1271 (11th Cir. 2007) (holding that § 1997e(e) does not bar the recovery of nominal damages), *abrogated on other grounds by Sossamon v. Texas*, 131 S. Ct. 1651, 1657 n. 3 (2011); *see also Logan v. Hall*, — F. App'x —, 2015 WL 1262152, at *2 (11th Cir. Mar. 20, 2015) ("While a *pro se* plaintiff may not have requested nominal damages specifically in his complaint, in light of the liberal construction afforded *pro se* pleadings, a district court should consider whether such damages are recoverable before dismissing a complaint." (*citing Hughes v. Lott*, 350 F.3d 1157, 1162-63 (11th Cir. 2003), *and* Fed. R. Civ. P. 54(c) (providing that with the exception of default judgments, "[e]very other final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleading"))).

At this stage of the proceeding, the undersigned would conclude that plaintiff's allegations are sufficient to raise a reasonable inference that plaintiff suffered more than a *de minimis* physical injury, which is all that is required at this point. Further factual development is needed to determine the question, and even with the benefit

Case No. 5:12cv337/MW/CJK

of such development, a jury question may appear.[8]

## CONCLUSION

Although plaintiff did not correctly complete the section of the complaint form concerning his litigation history, the mistakes contained therein are minor and do not warrant dismissal of plaintiff's claims for abuse of the judicial process.  In addition, at this stage of the case, plaintiff's allegations concerning his injuries are sufficient to avoid dismissal based on 42 U.S.C. § 1997e(e).

Accordingly, it is respectfully RECOMMENDED:

1.     That defendant Baker's motion to dismiss (doc. 76) be DENIED.

2.     That this matter be referred to the undersigned for further proceedings on plaintiff's claim against defendant Baker.

At Pensacola, Florida, this 16th day of June, 2015.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[8]  The undersigned recognizes some alleged injuries clearly fail to surpass the *de minimis* threshold.  *See e.g. Mobley v. Peel et al.*, No. 5:11cv288/MP/CJK (N.D. Fla. Nov. 3, 2011) (dismissing claims for compensatory and punitive damages based on allegations defendants made false statements); *Dunson v. McKinney et al.*, No 5:11cv322/MP/CJK (N.D. Fla. Jan. 10, 2012) (dismissing claims for compensatory and punitive damages based on allegations that defendants confiscated plaintiff's legal materials in the mail room).  Here, however, plaintiff alleges that defendant Baker intentionally instigated a fight that resulted in arm, back, and head injuries.

Case No. 5:12cv337/MW/CJK

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S.Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 5:12cv337/MW/CJK