UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

VERNON FLANNING, SR.,

    Plaintiff,

v.                                                                    Case No. 5:12cv337/MW/CJK

H. BAKER,

    Defendant.
_____/

CASE MANAGEMENT AND SCHEDULING ORDER

    Defendant H. Baker has filed an answer (doc. 94) to plaintiff's second amended complaint (doc. 57).  Rule 1 of the Federal Rules of Civil Procedure requires a "just, speedy, and inexpensive determination of every action."  To accomplish that purpose, and in accordance with Rule 16(b) of the Federal Rules of Civil Procedure, it is ORDERED as follows:

    **(1) Discovery Period**.  The due date of any discovery requested shall not be later than **November 12, 2015.**  The conduct of any discovery which would require a later due date shall be permitted only by court order.  No extension of the discovery period will be granted except for good cause and upon showing of diligence during the initial discovery period.  *See* N.D. Fla. Loc. R. 6.1.  The filing of motions SHALL NOT operate to toll or extend the discovery cut-off date set forth in this paragraph.  The parties are advised that a second, brief discovery period will be provided for trial preparation for those claims which will be going to trial.  Redundant discovery will not be permitted during this second discovery period.

**(2) Rule 26 Requirements**. Pursuant to FED. R. CIV. P. 26(a)(1)(B)(iv) and (f), counsel and the *pro se* plaintiff are not required to meet or make initial disclosures.

Costs for any requested discovery shall be borne by the party making the request.

At some point in the future, the parties may be directed to "confer to consider the nature and basis of their claims and defenses" and discuss the possibility of a prompt settlement or resolution of the case.

**(3)  Interrogatories and Requests for Production.**  The number of interrogatories to any party, as governed by Fed. R. Civ. P. 33(a), may not exceed 25, including all subparts.  Interrogatories and the answers thereto, and requests for production or inspection, shall not be filed unless necessary to a pre-trial motion or for another particular purpose.  *See* N. D. Fla. Loc. R. 26.2(A).

**(4) Schedule.**  The following schedule shall apply to this case:

(a)  All motions and responses shall be served and filed within the time required by the Federal Rules of Civil Procedure or the Local Rules.

(b)  Motions for summary judgment shall be filed as promptly as possible, with due regard for the discovery needs of the party opposing the motion, but, unless otherwise permitted by court order, not later than **20 days** after the close of discovery.

(c)  Unless otherwise ordered by the court, no motions to compel discovery may be filed after the close of discovery.

(d) The court may dispose of motions without a hearing.  N.D. Fla. Loc. R. 7.1 (D).

Case No. 5:12cv337/MW/CJK

**(5) Discovery Obligations.** The Rules of Civil Procedure set out explicit time limits for responses to discovery requests. If the *pro se* plaintiff or the attorney for the defendant cannot respond on time, this fact should be communicated by the most expeditious means to opposing counsel or the opposing party; and if consent to an extension of time cannot be obtained, a motion requesting the same should be immediately filed and served. In the meantime, no motion to compel a response shall be filed. Stipulations extending the time for responses to discovery may be made only as authorized by Fed. R. Civ. P. 29 and N.D. Fla. Loc. R. 6.1.

**(6) Rule 37 Sanctions**. If a party fails to cooperate in discovery, sanctions may be imposed on the recalcitrant party. Fed. R. Civ. P. 37. Prior to filing a motion to compel, the moving party must provide certification that the "movant has in good faith conferred or attempted to confer with the party not making the disclosure" in an effort to avoid judicial intervention. Fed. R. Civ. P. 37(a)(2).

**(7) Resolution of Discovery Controversies**. As noted above, counsel and *pro se* parties must attempt to resolve discovery controversies without the court's intervention. The court will entertain a motion with respect to matters which remain in controversy only if, after consultation and sincere attempts to resolve differences, the parties are unable to reach an accord. Any motion filed shall include certification that such attempts have been made, in accordance with N.D. Fla. Loc. R. 7.1(B) and Fed. R. Civ. P. 37, and shall be in the form required by N.D. Fla. Loc. R. 26.2(B), (C).

**(8) Summary Judgment Motions.** Any motion for summary judgment filed pursuant to Rule 56 (or Rule 12(b)(6) which requires reference to matters outside the pleading), Federal Rules of Civil Procedure, shall be accompanied by a separate, short and concise statement of the material facts as to which the moving party contends

there is no genuine issue to be tried.  Failure to submit such a statement constitutes grounds for denial of the motion.  The statement shall reference the appropriate deposition, affidavit, interrogatory, admission, or other source of the relied-upon material fact, by page, paragraph, number, or other detail sufficient to permit the court to readily locate and check the source.

A summary judgment motion shall be filed not later than **20 days** after the close of discovery.  The party opposing a motion for summary judgment shall, in addition to other papers or matters permitted by the rules, file and serve a separate, short and concise statement of the material facts as to which it is contended there exists a genuine issue to be tried, in the format set forth above.

All material facts set forth in the statement required to be served by the moving party will be deemed admitted unless controverted by the statement required to be filed and served by the opposing party.  *See* N.D. Fla. Loc. R. 56.1(A).

Motions for summary judgment will be taken under advisement as specified in a subsequent court order.  The parties will be directed to submit a response to any such motion that is filed and may await the issuance of an order specifically directing the response.

**(9)   Non-Filing of Rule 26 Disclosures and Discovery Materials**.  In accordance with Federal Rule of Civil Procedure 5(d), the parties shall serve but **shall not file with the clerk** copies of discovery materials (including notices of deposition, deposition transcripts, interrogatories, responses to interrogatories, production requests, responses to production requests, admission requests, or responses to admission requests), unless and until needed for consideration of pending motions by the court.  The parties need not serve and **shall not file with the clerk** separate

notices of serving interrogatories or interrogatory responses, notices of serving production requests or responses, or notices of serving admission requests or responses.

**(10) Consent to the Exercise of Jurisdiction by a United States Magistrate Judge.** In accordance with 28 U.S.C. § 636(c)(2), the clerk shall forward to plaintiff a form for consenting to trial by the magistrate judge, with this case number written on the form. If plaintiff consents to trial by magistrate, he should sign the form and forward it to counsel for the defendant. If defendant consents to trial by magistrate, he shall sign the form and return it to the clerk. **The form should be returned to the clerk only if all parties have consented and signed the form. If any party elects not to consent, the form should not be returned.**

**(11) Amendments**. This order may be amended by the court on its own motion or upon motion of any party.

DONE AND ORDERED this 14th day of August, 2015.

/s/ Charles J. Kahn, Jr.
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 5:12cv337/MW/CJK