UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

VERNON FLANNING, SR.,

    Plaintiff,

v.                                           Case No. 5:12-cv-337-MW-CJK

H. BAKER,

    Defendant.
_____/

## DEFENDANT BAKER'S ANSWER, AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL

Defendant **Baker** through undersigned counsel, answers Plaintiff's third amended complaint, Doc. 148, as follows:

## ANSWER

Defendants deny all allegations contained in Plaintiff's third amended complaint unless specifically admitted herein.

**Jurisdiction**

1-2.   To the extent a response is required, denied.

**Parties**

3.   Admit that Plaintiff is an inmate in the custody of the Florida Department of Corrections ("FDC").

4.   Admit.

1

5. Admit that on February 27, 2012 Baker was employed as a Sergeant with the FDC..

**Common Allegations of Fact**

6-97. Admit that on February 27, 2012 Plaintiff was an inmate at Apalachee Correctional Institution and that Baker was employed as a Sergeant with the FDC. Admit that at the time of the incident in question Baker was assigned as Q Dorm Confinement Supervisor. Denied that Baker refused to transfer Plaintiff out of a cell with inmate Watson unless they fought. Denied that Baker threaten to spray these inmates unless they fought. Denied that Baker provoked, encouraged, or in any way instigated a fight between Plaintiff and Watson. Admit, that on February 27, 2012 at approximately 9:00 p.m., while conducting a routine security check of Q3 confinement wing, Baker observed Plaintiff and Watson fighting. Admit that Baker administered chemical agents to Plaintiff and Watson. Admit that Plaintiff was given a cool water decontamination shower. Admit based on documentation, that Plaintiff was provided medical care. Denied, or without knowledge therefore denied, as to the remainder of the allegations in these paragraphs.

**Causes of Action**

**I. 42 U.S.C. §1983: Failure to Protect (Baker)**

98. See response to 6-97 above.

99. Denied.

100. Without knowledge therefore denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

## II. 42 U.S.C. §1983: First Amendment (Baker)

105. See response to 6-97 above.

106. Denied.

107. Denied.

108. Without knowledge therefore denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

## Action for Injunctive Relief

113. See response to 6-97 above.

114. Denied to the extent directed at Baker.

115. Denied to the extent directed at Baker.

116. Denied to the extent directed at Baker.

117.-
119. Denied that Plaintiff is entitled to injunctive relief.

**Prayer for Relief**

Denied that Plaintiff is entitled to any form of relief.

## AFFIRMATIVE DEFENSES

1. Plaintiff failed to state a claim upon which relief can be granted.

2. Plaintiff failed to demonstrate a causal connection between Plaintiff's claimed injuries and action or inaction by Defendant Baker.

3. Plaintiff failed to establish any constitutionally cognizant injury.

4. Plaintiff did not suffer a physical injury to be entitled to compensatory or punitive damages under 42 U.S.C. § 1997e(e).

5. Plaintiff failed to exhaust administrative remedies.

6. Plaintiff failed to mitigate damages.

7. Defendant Baker acted reasonably within the discretion of his position and the course and scope of employment and did not violate any clearly established statutory or constitutional right of the Plaintiff with which a reasonable person would have known.

8. Defendant Baker is entitled to qualified immunity from suit.

9. Defendant Baker is entitled to Eleventh Amendment Immunity regarding any official capacity claims.

## RESERVATION OF RIGHTS TO AMEND AND SUPPLEMENT

Defendant Baker reserves the right to amend and supplement these

affirmative defenses adding such additional affirmative defenses as may appear to be appropriate upon further discovery being conducted in this case.

## DEMAND FOR JURY TRIAL

Defendants demand trial by jury on all issues so triable.

Respectfully submitted,

PAMELA JO BONDI
ATTORNEY GENERAL

/s/ Mark S. Urban
MARK S. URBAN
Assistant Attorney General
Florida Bar No. 63455
Office of the Attorney General
The Capitol, PL-01
Tallahassee, Florida 32399-1050
Telephone: (850) 414-3300
Facsimile: (850) 488-4872
mark.urban@myfloridalegal.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was electronically filed and provided to attorneys of record via CM/ECF and was furnished by U.S. mail to: Vernon Flanning, Sr., DC# 255925, Cross City Correctional Institution, 568 NE 255th Street, Cross City, Florida 32628, on January 23, 2017.

/s/ Mark S. Urban
MARK S. URBAN